IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRANDON L. HIMKO,
    Petitioner,

vs.                                                  Case No.: 5:16cv35/MMP/EMT

N.C. ENGLISH, WARDEN,
    Respondent,
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 (ECF No. 1). Respondent filed a Motion to Dismiss, with supporting documentation (ECF No. 11). Petitioner filed a reply (ECF No. 15).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of the issues raised by the parties, it is the opinion of the undersigned that the habeas petition should be dismissed.

I. BACKGROUND

Petitioner is in the custody of the federal Bureau of Prisons ("BOP"), housed at the Federal Correctional Institution in Marianna, Florida (*see* ECF No. 1). He commenced this habeas action on February 24, 2016, by filing a petition under 28 U.S.C. § 2241 (*id.*). In Petitioner's § 2241 petition, he challenges the BOP's restriction on his access to the Trust Fund Limited Inmate Computer System ("TRULINCS") (*id.* at 3–4, 8–9).

Petitioner does not dispute the factual background of this case as set forth by Respondent. On August 9, 2012, Petitioner pleaded guilty in the Northern District of New York to one count of receiving material involving the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(2) & (b)(1) (ECF No. 11, Ex. 1, Judgment in a Criminal Case; Ex. 2, Presentence Investigation Report ("PSR")).[1] Pursuant to the written Plea Agreement, Petitioner admitted that in December of 2011, he contacted a sixteen-year-old girl using the social networking website Facebook (Ex. 3, Plea Agreement, pp. 6–7). After chatting via Facebook, Petitioner began texting the victim on her cell phone (*id.*). Hundreds of text messages were exchanged, and many included sexual content (*id.*). Petitioner photographed his penis with his cell

---

[1] Hereinafter all citations to exhibits refer to the exhibits submitted with Respondent's response/motion to dismiss (ECF No. 11).

Case No.: 5:16cv35/MMP/EMT

phone camera and sent the images to the victim (*id.*).  Petitioner requested that the victim send him sexually explicit images of herself (*id.*).  The victim photographed her vagina with her cell phone camera and sent the images to Petitioner via text message (*id.*).  Petitioner received the image and saved it to his picture mail account (*id.*).  All the while, Petitioner, then twenty-six years old, was a Level 3 registered sex offender in the State of New York (*id.*).  Petitioner's registration as a sex offender resulted from his April 11, 2008 felony conviction for second degree rape of a minor (*id.*).

In January 2013, the district court sentenced Petitioner to a 420-month term of confinement (Ex. 1, Judgment), which he is presently serving at FCI-Marianna (Ex. 4, Inmate History).

TRULINCS is the institutional platform through which federal inmates may correspond via email (*see* Ex. 5, Program Statement 4500.11, Trust Fund/Deposit Fund Manual, , dated April 9, 2015, pp. 127–28).  The BOP's authority to implement TRULINCS is found in 18 U.S.C. § 4042, which directs the BOP to "provide for the safekeeping, care, and subsistence" of Federal prisoners (*id.*, p. 127).  Use of TRULINCS is a privilege; therefore, the Warden may limit or deny access to a particular inmate (*id.*).  The BOP may restrict inmates from using TRULINCS "when

absolutely necessary to protect the safety, security, or orderly operation of the correctional facility, or the protection of the public or staff." (*id.*, p. 131).

Exclusion from TRULINCS is based on an inmate's individual history (Ex. 5, Program Statement 4500.11, p. 131).  Specifically with regard to sex offenders, Program Statement 4500.11 provides, in part:

> (1) **Sex Offenders**.  Inmates whose offense, conduct, or other personal history indicates a propensity to offend through the use of email or jeopardizes the safety, security, orderly operation of the correctional facility, or the protection of the public or staff, should be seriously considered for restriction.

(Ex. 5, Program Statement 4500.11, p. 131).  Program Statement 4500.11 does not embody a categorical exclusion; rather, the policy only urges that sex offenders "should be seriously considered for restriction" from TRULINCS.  It sets forth guidance regarding how BOP officials should conduct individualized assessments to determine whether an inmate should be restricted:

> As a method of identifying these inmates, staff responsible for local sex offender management should review inmates with SENTRY CMA Walsh Assignments of Certified, With Conviction, and No Conviction, to determine if their participation in the Public Messaging Service poses a realistic threat. TRULINCS automatically applies a temporary restriction on inmates' accounts with the above SENTRY CMA Walsh Assignments.  <u>These restrictions may be over-written when deemed appropriate by staff responsible for local sex offender management and approved by the Warden</u>.

(Ex. 5, Program Statement 4500.11, p. 131 (emphasis added)). Accordingly, BOP officials dedicated to sex offender management individually review every inmate, including Petitioner, for TRULINCS access. It is within those officials' discretion, subject to approval from a warden, to grant access in non-threatening cases.

At the time Petitioner was committed to the BOP, Program Statement 5265.13 governed inmates' access to TRULINCS (Ex. 6, Program Statement 5265.13, Trust Fund Limited Inmate Computer System (TRULINCS) – Electronic Messaging, dated 2/19/2009). While incarcerated at FCI-Butner, the BOP denied Petitioner access to TRULINCS, citing that his "use would threaten the safety, security, [and] orderly running of the institution or the protection of the public and staff" (Ex. 7, Memorandum from Unit Manager, dated December 31, 2013).

Petitioner's TRULINCS access was reconsidered when he transferred to FCI-Marianna in June 2014 (Ex. 4, Inmate History). At that point, Program Statement 5265.13 still controlled the assessment. On June 27, 2014, Respondent Warden English, denied Petitioner access to TRULINCS, noting that his offense "involved the use of electronic messaging to solicit or accomplish offensive conduct with a minor victim" (Ex. 8, Memorandum from Warden English, dated June 27, 2014). On August 4, 2014, Petitioner filed an administrative grievance challenging his TRULINCS

restriction, Remedy No. 788955 (Ex. 10, Declaration of Kim McCullough ("McCullough Decl."); Ex. 11, Administrative Remedy Generalized Retrieval); Ex. 12, Administrative Remedy No. 788955). The grievance was denied, and his properly filed appeals to the Regional and Central Office levels were also denied (Ex. 10, McCullough Decl., ¶¶ 7–10; Ex. 12, Administrative Remedy No. 788955).

On August 6, 2015, after the BOP issued Program Statement 4500.11,[2] Petitioner filed two more administrative grievances challenging his TRULINCS restriction, Remedy Nos. 830977 and 830982 (Ex. 10, Declaration of Kim McCullough ("McCullough Decl."); Ex. 11, Administrative Remedy Generalized Retrieval); Exs. 13 and 14, Administrative Remedy Nos. 830977 and 830982). Both grievances were denied, and Petitioner's appeals to the Regional Office were rejected as untimely (Ex. 10, McCullough Decl., ¶¶ 11–14; Exs. 13 and 14, Administrative Remedy Nos. 830977 and 830982).

Petitioner's TRULINCS access was considered a third time, but Warden English denied access (Ex. 9, Memorandum from Warden English, signed March 1, 2016). Respondent Warden English's decision noted that Petitioner's crime involved

---

[2] As of April 9, 2015, PS 4500.11 superseded the TRULINCS policy previously contained in PS 5265.13.

the use of Facebook, including to "exchange nude photographs with a 16 year old female." (*id.*).

## II.   ANALYSIS

Petitioner presents three claims in his § 2241 petition. First, Petitioner contends that Program Statement 5265.13, the now-rescinded Program Statement, "is arbitrary and capricious and lacks any reasonable or lawful basis for implementation" (ECF No. 1 at 3). Petitioner asserts the BOP categorically excludes child pornography offenders from access to TRULINCS without having articulated a reasonable basis for doing so (*id.* at 8).

Second, Petitioner contends the BOP abused it discretion by enforcing Program Statement 5265.13 in an arbitrary and capricious manner (ECF No. 1 at 3). Petitioner asserts BOP officials do not enforce the "exclusionary clause" of Program Statement 5265.13(3) in a fair and equitable manner (*id.* at 8). Petitioner alleges his five co-defendants were convicted of the same offense of which he was convicted, but they were granted access to TRULINCS by their case managers and Respondent Warden English (*id.*). For example, Petitioner alleges the BOP does not exclude prisoners convicted of crimes which involve the use of cell phones and e-mail (such as drug dealing, mail fraud, and e-mail fraud) from access to TRULINCS (*id.* at 8–9).

Third, Petitioner contends the BOP failed to comply with the notice and comment requirements of the Administrative Procedures Act ("APA"), 5 U.S.C. § 552, in promulgating and implementing Program Statement 5265.13 (ECF No. 1 at 4, 9).

Respondent contends the § 2241 petition should be dismissed on four grounds. First, a habeas petition under § 2241 is not the proper vehicle for Petitioner's challenge to a condition of his confinement, specifically, his access to the BOP's e-mail system (ECF NO. 11 at 9–10). Second, the BOP's restrictions on access to TRULINCS serve a legitimate penological interest (*id.* at 11–14). Third, Petitioner's challenge to Program Statement 5265.13 is moot, since that Program Statement was rescinded and replaced with Program Statement 4500.11 (*id.* at 15). Finally, Petitioner has not exhausted his claims, because he never challenged Program Statement 4500.11 in an administrative grievance, nor has he presented the BOP with any of the APA challenges he presents in his § 2241 petition (*id.* at 16–18).

In Petitioner's reply, he appears to argue that his restriction from using TRULINCS is unreasonable because he used Facebook, not TRULINCS, to communicate and exchange nude photographs with a 16-year old (ECF No. 15 at 2). Petitioner also appears to abandon his APA challenges to the BOP's decision. He

states, "The APA has no validity with the current complaint. It does not apply to this matter." (*id.*).

Petitioner's challenges to the BOP's restricting his access to TRULINCS is not the type of claim that may be brought under 28 U.S.C. § 2241. Section 2241 is reserved for an inmate's claims challenging the execution of his or her sentence and seeking to reduce the period of confinement, for example, claims challenging the forfeiture of gain time or the denial of parole or sentence credits; whereas, claims challenging only the conditions of confinement and not the length thereof, whether the inmate seeks monetary damages or injunctive relief or both, fall outside of the "core" of habeas corpus and may be brought in a civil rights action. *See* Muhammad v. Close, 540 U.S. 749, 750, 124 S. Ct. 1303, 158 L. Ed. 2d 32 (2004); Preiser v. Rodriguez, 411 U.S. 475, 494, 498–99, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); McKinnis v. Mosely, 693 F.2d 1054, 1056–57 (11th Cir. 1982) (notwithstanding that prisoner sought equitable relief in addition to damages in complaint arising from denial of contact visits and confinement in segregation after he was found guilty of being in an unauthorized area with his wife during visiting hours, the case should have been reviewed on the basis of its sufficiency as a civil action for deprivation of rights rather than as habeas corpus action where, even if prisoner was to prevail on all of his

claims and receive all the benefits he demanded, the duration of his sentence would not be shortened by one moment); *see also*, Boyce v. Ashcroft, 251 F.3d 911 (10th Cir. 2001) (section 2241 may be used to challenge underlying authority of entity to hold prisoner in custody, but may not be used to challenge prisoner's placement in a particular facility or to attack conditions that result from such placement).

Even if Petitioner prevailed in his argument that the BOP abused its discretion in restricting his access to TRULINCS, he would not be entitled to release from incarceration, or earlier release, which is the remedy afforded in habeas corpus actions; rather, the appropriate remedy would be monetary damages (unless monetary damages are statutorily precluded) and/or injunctive relief, which are remedies afforded in civil rights actions. *See* Gomez v. United States, 899 F.2d 1124 (11th Cir. 1990) (relief for Eighth Amendment violation does not include release from confinement). Thus, Petitioner's claims are not cognizable under § 2241, and are properly brought in a civil rights action under 28 U.S.C. § 1331 and/or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).[3] *See* Muhammad, 540 U.S. at 750–51; Preiser, 411 U.S. at 494, 498–99.

---

[3] In Bivens, the Supreme Court recognized an implicit damages cause of action against individual federal officials for violations of constitutional rights.

For the foregoing reasons, this habeas action should be dismissed without prejudice to Petitioner's bringing his claim(s) in a civil rights action.  *See* Luedtke v. Berkebile, 704 F.3d 465 (6th Cir. 2013) (district court properly dismissed petitioner's claims because § 2241 is not the proper vehicle for a prisoner to challenge conditions of confinement); Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004) (holding that the district court should dismiss a § 2241 petition without prejudice so the state petitioner could re-file his claim in a § 1983 claim); *see also, e.g.*, Wallace v. Lane, No. 1:15-CF-02075, 2016 WL 1404192 (M.D. Penn. Apr. 11, 2016) (unpublished) (dismissing § 2241 petition challenging BOP's denial of access to TRULINCS, because § 2241 is not proper vehicle for a prisoner to challenge conditions of confinement); Prentice v. Bureau of Prisons, 2015 WL 4928953 (E.D.N.C. Aug. 18, 2015) (unpublished) (same); Edington v. Warden F.C.I. Elkton, No. 4:13cv0129, 2014 WL 132022 (N.D. Ohio Jan. 14, 2014) (unpublished) (same).

Accordingly, it is respectfully **RECOMMENDED**:

1.  That Respondent's motion to dismiss (ECF No. 11) be **GRANTED**.

2.  That the petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED without prejudice** to Petitioner's bringing his claims in a civil rights action.

At Pensacola, Florida, this 5th day of December 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**